IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.                                        Case No. 3:14-CR-30018

JOHN PRICKETT, JR.                                                                                   DEFENDANT

### OPINION AND ORDER

Before the Court are Defendant John Prickett, Jr.'s motion to dismiss Count 2 of the Indictment (Doc. 34),[1] the Government's response (Doc. 35), and Prickett's reply (Doc. 37). For the following reasons, the Court finds that Prickett's motion should be DENIED.

On November 19, 2014, Prickett was charged in a two-count indictment with one count of assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1), and one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[2] On May 12, 2015, Prickett pleaded guilty to the two-count indictment pursuant to a plea agreement. In the plea agreement and at his change-of-plea hearing, Prickett admitted to getting into an argument with his wife, and eventually picking up a firearm and "shooting his wife multiple times at close range" resulting in his wife sustaining life-threatening injuries. (Doc. 20, ¶ 3(a)).

Prickett contends that Count 2 of the indictment should be dismissed as a matter of law because assault with intent to commit murder under 18 U.S.C. § 113(a)(1), as charged in Count 1, categorically fails to qualify as a crime of violence. "Crime of violence" under 18 U.S.C. § 924(c)(1)(A)(iii) is defined as:

---

[1] Although styled only as a motion to dismiss, Prickett also seeks to withdraw his plea of guilty to Count 2 of the indictment should the motion be granted.
[2] The indictment also includes a forfeiture allegation.

>an offense that is a felony and—
>
>>**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>>**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)–(B).  Prickett argues that Count 2 should be dismissed because he did not commit a crime of violence as a matter of law pursuant to either prong of 18 U.S.C. § 924(c)(3). The Court first notes that it need not address Prickett's arguments regarding § 924(c)(3)(A) because the Court finds that Prickett has committed a crime of violence pursuant to § 924(c)(3)(B), and declines to find that § 924(c)(3)(B) is unconstitutionally vague.

Prickett argues that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague for the same reasons the Supreme Court found 18 U.S.C. § 924(e)(2)(B) unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Court analyzed the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provides for increasing a defendant's punishment to not less than fifteen years if that defendant violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The definition of "violent felony" for purposes of the ACCA reads in relevant part:

>(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>> . . .
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(ii).

As explained in *Johnson*, the Court is required to utilize the categorical approach when determining if a past conviction is a predicate offense under the ACCA. Specifically,

> "the relevant part of the [ACCA] refers to a person who . . . has three previous convictions for—not a person who has committed—three previous violent felonies or drug offenses. This emphasis on convictions indicates that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to facts underlying the prior convictions. *Taylor* also pointed out the utter impracticability of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction.

*Johnson*, 135 S. Ct. at 2562 (citing *Taylor v. United States*, 495 U.S. 575, 599–602 (1990)) (internal quotations omitted).

None of the concerns that led the *Taylor* Court to utilize, and the *Johnson* Court to maintain, the categorical approach in analyzing the ACCA residual clause are present when analyzing § 924(c)(3)(B). Rather than looking to past convictions, the Court looks to the evidence in this case, i.e., the underlying offense conduct, in applying § 924(c)(3)(B). The conduct in this case—to which Prickett has admitted—is based upon the factual basis in his plea agreement and the Presentence Investigation Report. Those facts are sufficient to meet the elements of the offenses charged in counts 1 and 2 of the indictment. Therefore, the Court need not engage in a categorical analysis to ensure consistent application of § 924(c)(3)(B).

The Court's finding in this respect—that the *Johnson* analysis is inapplicable to this case—is buttressed by the *Johnson* Court's dismissal of the Government's concern that other criminal statutes that use terms such as "substantial risk" could also be placed in "constitutional doubt" if the Court were to find that the ACCA residual clause was unconstitutionally vague, as it ultimately did. *Johnson*, 135 S. Ct. at 2561. Specifically, the *Johnson* Court found that there was "[n]ot at

all" any risk that statutes other than the ACCA residual clause would be affected, because "[a]lmost none [of the statutes the Government cited to in voicing its concern] link[] a phrase such as "substantial risk" to a confusing list of examples. . . .  More importantly, almost all of [those other statutes] require gauging the riskiness of conduct in which an individual engages *on a particular occasion*." *Id.*  The Court further noted that, "[a]s a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree." *Id.*  (internal quotations and citations omitted). That is exactly the nature of § 924(c)(3)(B).  With that framework in mind, it is clear that the offense in this case involved a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Court finds that § 924(c)(3)(B) is not unconstitutionally vague and that Prickett's conduct amounts to a crime of violence under § 924(c)(3)(B).  Prickett's motion to dismiss (Doc. 34) is therefore DENIED.  Accordingly, Prickett will not be permitted to withdraw his plea of guilty to Count 2, as he has not demonstrated any fair and just reason for withdrawal.

IT IS SO ORDERED this 8th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE